Case No. 19-3073

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

---

### ALBERT DEWAYNE BANKS
**Plaintiff - Appellant,**

**v.**

### GLEN VIRDEN, *et al.*,
**Defendants - Appellees.**

---

## BRIEF OF APPELLEE GLEN VIRDEN

---

**Appeal from the United States District Court for the
District of Kansas
The Honorable Holly L. Teeter, United States District Judge
Case No. 15-CV-3093-HLT-KGS**

---

Carrie A. Barney, KS #22872
Assistant Attorney General/Trial Counsel
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas, 66612-1597
Phone: (785) 368-6695
Fax:  (785) 291-3767
Email: carrie.barney@ag.ks.gov
*Attorney for Appellee Glen Virden*

**ORAL ARGUMENT IS NOT REQUESTED**

## <u>CORPORATE DISCLOSURE STATEMENT</u>

No corporate disclosure statement is required by Fed. R. App. P. 26.1.

# TABLE OF CONTENTS

Page

CORPORATE DISCLOSURE STATEMENT ................................................... i

TABLE OF CONTENTS .................................................................... ii

TABLE OF AUTHORITIES ............................................................... iv

STATEMENT OF RELATED CASES .............................................. vi

JURISDICTIONAL STATEMENT .................................................. vi

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW .................... ix

STATEMENT OF THE CASE ........................................................1

SUMMARY OF THE ARGUMENT ................................................6

ARGUMENTS AND AUTHORITIES .............................................7

I. APPLICABLE STANDARD OF REVIEW .................................7

Motion to Dismiss Standard ....................................................7

Denial of Rule 59(e) Motion ...................................................8

II. ISSUE 1: THE DISTRICT COURT DID NOT ERR IN FINDING THAT PLAINTIFF'S CLAIM AGAINST DEFENDANT GLEN VIRDEN WAS BARRED BY THE GOOD FAITH DEFENSE, BECAUSE THAT FINDING IS SUPPORTED BY THE RECORD AND 18 U.S.C. § 2520 AND K.S.A. 22-2518 PROVIDE A COMPLETE DEFENSE WHEN A DEFENDANT HAS RELIED IN GOOD FAITH UPON A COURT ORDER. .................................8

III. ISSUE 2: THE DISTRICT COURT DID NOT ERR IN GRANTING DEFENDANT VIRDEN'S MOTION TO DISMISS ON THE BASIS OF QUALIFIED IMMUNITY IN THAT THE RECORD ESTABLISHES THAT PLANITIFF DID NOT MEET HIS BURDEN OF SHOWING THAT DEFENDANT VIRDEN HAD VIOLATED CLEARLY ESTABLISHED LAW. ................................................................................ 11

IV. ISSUE 3: THE DISTRICT COURT DID NOT ERR IN DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION IN THAT PLAINTIFF DID NOT MEET HIS BURDEN OF SHOWING THAT THE DISTRICT COURT MISAPPREHENDED THE FACTS, A PARTY'S POSITION, OR THE CONTROLLING LAW, OR THAT A CLEAR ERROR OR MANIFEST INJUSTICE HAD OCCURRED ........................................................................ 16

CONCLUSION ........................................................................ 21

STATEMENT OF COUNSEL AS TO ORAL ARGUMENT ........................... 22

CERTIFICATE OFCOMPLIANCE .................................................. 22

CERTIFICATE OF PRIVACY REDACTIONS ................................... 22

CERTIFICATE OF DIGITAL SUBMISSION .................................... 22

CERTIFICATE OF SCANNING .................................................... 23

CERTIFICATE OF SERVICE ....................................................... 24

# <u>TABLE OF AUTHORITIES</u>

## Cases

*Anderson v. Creigthon,* 483 U.S. 635 (1987) ............................................. 11, 15

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................7

*Ashcroft v. Kidd*, 563 U.S. 731 (2011) ................................................... 12, 13, 14

*Banks v. United States,* 138 S.Ct. 2707 (2018)....................................................4

*Barber ex. rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222
(10th Cir. 2009) ....................................................................................................8

*Calbart v. Denver Sheriff Dept.*, No. 12-1156, 2012 WL 6098746
(10th Cir., Dec. 10, 2012) ....................................................................................7

*Carpenter v. United States*, 138 S.Ct. 2206 (2018) .............................................4

*Carroll v. Carmen*, 135 S.Ct. 348 (2014) ......................................................... 15

*Estate of McDermed by and through McDermed v. Ford Motor
Company,* 723 Fed.Appx. 605 (10th Cir. 2018) ..................................................8

*Harlow v. Fitzgerald,* 457 U.S. 800 (1982) ................................................. 11, 12

*Hidahl v. Gilpin Cnty Dep't of Soc. Serv.* 938 F.2d 1150 (10th Cir. 1991) .... 12

*Horstkoetter v. Dep't of Pub. Safety*, 159 F.3d 1265 (10th Cir. 1998) ............ 12

*Malley v. Briggs*, 475 U.S. 335 (1986) ............................................................. 13

*Mangiaracina v. Gutierrez*, 11 Kan. App. 2d 594, 730 P.2d 1109 (1986) .........7

*Massachusetts v. Sheppard*, 468 US 981 (1984) ..................................................3

*Messerschmidt v. Millender*, 132 S.Ct. 1235 (2012) .................................. 12, 14

*Mullenix v. Luna*, 136 S.Ct. 305 (2015) ..................................................... 14, 15

*Pearson v. Callahan*, 555 U.S. 223 (2009) ................................................. 12, 14

*Reichle v. Howards*, 533 U.S. 194 (2001) ........................................................ 13

*Saucier v. Katz*, 312 F.3d 1304 (10th Cir. 2002) ....................................... 14, 15

*Servants of Paraclete v. Does*, 204 F.3d 1005 (10th Cir. 2000) ...................... 16

*Siegert v. Gilley*, 500 U.S. 226 (1991) ............................................................ 13

*Shimomura v. Carlson*, 811 F.3d 349 (10th Cir. 2015) .......................................7

*Tonkovich v. Kan. Bd. of Regents,* 159 F.3d 504 (10th Cir. 1998) ....................7

*Weise v. Casper*, 593 F.3d 1163 (10th Cir. 2010) ........................................... 13

*White v. Pauly,* 137 S.Ct. 548 (2017) .............................................................. 13

*Wilson v. Layne*, 526 U.S. 603 (1999) ............................................................ 13

*Wright v. Florida,* 495 F.2d 1086 (5th Cir. 1974) ........................................... 15

*U.S. v. Banks*, 2014 WL 4261344 (August 24, 2014) ................................... 1, 2

*U.S. v. Banks*, 2015 WL 2401048 (May 15, 2015) ..................................... 3, 15

*U.S. v. Banks*, 93 F.Supp.3d 1237 (2015) .........................................................2

*U.S. v. Banks,* 706 Fed. Appx. 455 (10th Cir. 2018) ........................................4

*U.S. v. Christy*, 739 F.3d 534 (10th Cir. 2014) ............................................... 16

*U.S. v. Leon*, 468 U.S. 897 (1984) ............................................................ 19, 20

*U.S. v. Medlin*, 798 F.2d 407 (10th Cir. 1986) ....................................... 18, 19, 20

*Van Woudenberg ex. rel. Floor v. Gibson*, 211 F.3d 560 (10th Cir. 2000) .. 1, 18

**Statutes**

18 U.S.C. § 2510 ........................................................................................ ix, 6

18 U.S.C. § 2520 ..........................................................................ii, ix, 6, 8, 9, 15

K.S.A. 22-2514 .......................................................................................... 2, 6, 8

K.S.A. 22-2516.................................................................................................. viii

K.S.A. 22-2518 .........................................................................................ii, ix, 6, 8, 9

42 U.S.C. § 1983 ............................................................................................... vi

42 18 U.S.C § 2510 *et seq*........................................................................... 6, 9

**Rules**

Fed. R. App. P. 4(a)(1)(A) ............................................................................... viii

Fed. R. App. P. 26.1 ............................................................................... i

## STATEMENT OF RELATED CASES

There are no prior or related appeals.

## JURISDICTIONAL STATEMENT

On April 28, 2015, pro se inmate Albert Banks (hereinafter, "Plaintiff")
filed a Complaint in the United States District Court for the District of Kansas
against eight defendants, alleging various claims including violations of K.S.A.
22-2516, USC 18 (2515), and the Fourth Amendment of the Constitution.  ROA
Vol. 1 at pg. 18-35; ECF 1.  On July 21, 2015, the district court entered a show
cause order, granting Plaintiff thirty days to submit to the Court, in writing,
good cause why Plaintiff's Complaint should not be dismissed.  ROA Vol. 1 at
pg. 5 ECF 4.

After Plaintiff responded to the show cause order, the Court dismissed
Defendants Platt, the Junction City Police Department, the Riley County
Police Department, the Kansas Bureau of Investigation ("KBI"), and the
Topeka Police Department.  ROA Vol. 1 at 85-96; ECF 11.  Additionally, the
Court dismissed Plaintiff's § 1983 claims and state law claims against
Defendants Platt, Opat, and Virden in their official capacities.  *Id.*  Lastly, the
Court dismissed Defendant Geary County from the action, unless Plaintiff filed
a motion to amend the Complaint within thirty days.  *Id.*

Defendant Glen Virden filed a motion to dismiss on March 5, 2018. ROA Vol. 2 at pg. 125-134; ECF 101 and 102. Defendant KBI filed a motion to dismiss on November 20, 2017. ROA. Vol. 1 at pg. 114-127; ECF 33 and 34. Defendant Opat filed a motio nto dismiss on November 21, 2017. ROA Vol. 1 at pg. 128-145 ECF 35 and 36. Defendant Sprint filed a motion to dismiss on November 22, 2017. ROA Vol. 1 at pg. 146-157; ECF 38 and 39.

Plaintiff then requested leave to file an Amended Complaint. ROA Vol. 1 at pg. 173-180; ECF 46. On December 29, 2017, Plaintiff filed a pleading titled "Motion to Amend Complaint and Reply to Defendant's Motion to Dismiss." ROA Vol. 1 at pg. 182-187; ECF 47. Though styled as a motion to amend the Complaint, I substance the filing was an Amended Complaint, and the district court ultimately treated this filing as part of the Amended Complaint. ROA Vol. 1 at pg. 211-212; 240-241, 246[1]. Defendant Schoen filed a motion to dismiss on January 4, 2018. ROA Vol. 1 at pg. 213-236; ECF 52-53.

This district court granted Plaintiff's Motion to Amend on February 20, 2018. ROA Vol. 1 at pg. 267-275; ECF 73. The Court also engaged in the same screening process it had applied to the original Complaint. ROA Vol. 1 at pg. 272-274; ECF 73 at pg. 6-9. The Court dismissed Defendant Platt, and

---

[1] The Amended Complaint can be found at ROA Vol. 1 at pg. 175-187; ECF 46-1.

dismissed Plaintiff's official capacity claims against Defendants Platt, Opat, Brown, and Virden. ROA Vol. 1 at pg. 272-273; ECF 73 at pg. 6-7.

Defendant Brown filed a Motion to Dismiss Plaintiff's Amended Petition. ROA Vol. 2 at pg. 24-40; ECF 79 and 80. Defendants Spring, Virgin Mobile, Opat and Virden also filed Motions to Dismiss the Amended Complaint. ROA Vol. 2 at pg. 41-53; 54-73; 125-134; ECF 83, 84, 86, 87, 101 and 102. The district court granted the motions to dismiss, as to all remaining Defendants in the case, on November 16, 2018. ROA Vol. 2 at pg. 155-17; ECF 109. Plaintiff filed a Motion to Alter or Amend Judgment Pursuant to Federal Rule 59€. ROA Vol. 2 at pg. 171-184; ECF 111. The district court denied this motion on March 20, 2019. ROA Vol. 2 at pg. 233-242; ECF 130.

On April 12, 2019, Plaintiff filed a Notice of Appeal. ROA Vol. 2 at pg. 243; ECF 131. Plaintiff's Notice of Appeal was timely filed. Fed. R. App. P. 4(a)(1)(A). Plaintiff's Appeal is from a final Judgment, which disposed of all the parties' claims.

This Court has jurisdiction to hear the appeal pursuant to 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1. The District Court did not err in finding that Plaintiff's claim against Defendant Virden was barred by the good faith defense because this finding was supported by the record, 18 U.S.C. § 2520 and K.S.A. 22-2518.

2. The District Court did not err in granting Defendant Virden's Motion to Dismiss on the basis of qualified immunity in that the record establishes that Plaintiff did not meet his burden of showing that Defendant Virden had violated clearly established law.

3. The District Court did not err in denying Plaintiff's Motion for Reconsideration in that Plaintiff did not meet his burden of showing that the District Court misapprehended the facts, a party's position, or the controlling law, or that a clear error or manifest injustice had occurred.

## STATEMENT OF THE CASE

Plaintiff's claims stem from events surrounding his criminal convictions. Appellant asserts that Defendants violated his rights under state and federal wiretap statutes, and therefore the Fourth Amendment. ROA Vol. 2 at pg. 8-13. Plaintiff alleges that Defendants violated those rights when they acted on a warrant from a Geary county Judge that approved wiretaps for his cell phone calls, although some of the interceptions occurred while the phones were outside of Geary County's territorial jurisdiction. *Id.*

The history of Plaintiff's/Appellant's criminal prosecution is well documented through multiple decisions by Judge Crabtree, who presided over the criminal trial of the Plaintiff/Appellant and co-conspirators in criminal case number 5:13-CF-40060-DDC[2]. Highly summarized, investigators obtained wiretap orders in the final months of a 13-month investigation into a suspected narcotics-trafficking conspiracy. *United States v. Banks,* 2014 WL 4261344 at *1 (D. Kan. August 29, 2014). The investigation was a joint effort by the Kansas Bureau of Investigation ("KBI"), the Junction City Police Department, the Geary County Sheriff's Office, and the Riley County Police Department. *Banks,* 2014 WL at *1.

---

[2] When considering a motion to dismiss, the court is permitted to take judicial notice of its own files and records, along with facts which are part of a public record. *Van Woudenberg ex. Rel. Foor v. Gibson,* 211 F.3d 560, 568 (10th Cir. 2000).

Beginning in March of 2013 investigators submitted applications for wiretap orders to Judge Platt in Kansas' 8th Judicial District. *Id.* Judge Platt issued a total of eight wiretap orders under the authorization granted by the Kansas Wiretap Statute, K.S.A. 22-2514 *et seq. Id.* Each order authorized the interception of "wire communications," but not "electronic communications." *Id.* However, investigators believed the orders authorized interception of text messages sent to and from the target phones. *Id.*

Plaintiff and his co-conspirators filed motions arguing that Judge Crabtree should suppress wiretap evidence collected by the KBI during the investigation that led to their prosecution. *U.S. v. Banks,* 93 F. Supp. 3d 1237 (2015). Among other arguments, their motions asserted that the Kansas Wiretap Statute prohibits agents from intercepting communications outside of the territorial jurisdiction of the Judge who authorized the wiretaps. *Banks,* 93 F. Supp. 3d at 1240. Judge Crabtree agreed, and suppressed all but 7,000 intercepted communications. *Id.*

Plaintiff filed a Motion to Suppress Intercepted Text Messages, arguing that the text messages intercepted should be suppressed because the orders authorized the interception of wire communications only. *Banks, supra,* 2014 WL at *1. In considering the motion, Judge Crabtree looked to Fourth Amendment precedent, including any applicable exceptions to the exclusionary rule, to determine whether Judge Platt's failure to include "electronic

communications" in the wiretap order required suppression of intercepted text messages. *Id.* at *2.

Judge Crabtree found that both Judge Platt and the KBI understood the orders to authorize the interception of text messages, as well as oral communications. *Id.* At *4. For the sake of his analysis, Judge Crabtree assumed that persons have a legitimate expectation of privacy in text messages. *Id.* At *3. Judge Crabtree then proceeded to analyze the good-faith exception to the warrant requirement, without addressing the underlying Fourth Amendment question. *Id.* There, Judge Crabtree specifically stated:

> The Court finds that the issuing Judge and executing Officers both understood the intended scope of the wiretap authorization, and that the authorization included interception of text messages. The Court also finds that the Officers' reliance on this understanding was "objectively Reasonable." *See Massachusetts v. Sheppard,* 468 U.S. 981, 989-990 (1984) ("[W]e refuse to rule that an Officer is Required to disbelieve a judge who has just advised him, by word and by action, that the warrant he possess authorizes him o conduct the search he has requested"). As a result, the KBI's interception of text messages falls within the good-faith exception to the Fourth Amendments exclusionary rule, and the Court refuses to suppress them on the basis that the Order authorizes interception of wire communications only."

*Id.* At *5. Judge Crabtree later added that "one would not expect the officers executing search warrants to have apprehended the subtle, technical jurisdictional defect that forms the basis of the Court's threshold suppression ruling." *U.S. v. Banks,* 2015 WL 2401048 at *3 (D. Kan. May 15, 2015).

Plaintiff was ultimately convicted of distribution of cocaine base and distribution of cocaine base within 100 feet of a school. His conviction was affirmed by the 10th Circuit on June 28, 2018. *United States v. Banks,* 706 Fed. Appx. 455 (10th Cir. 2018). The United States Supreme Court granted Banks writ of certiorari, and remanded his case to the 10th Circuit for reconsideration in light of its ruling in *Carpenter v. United States,* 138 S.Ct. 2206 (2018)[3]. *Banks v. United States,* 138 S.Ct. 2707 (2018).

In his Amended Complaint, Plaintiff alleges that Defendant Glen Virden, and other officers, "endorsed their signatures on the invalid wiretap order." ROA Vol. 2 at pg. 9; ECF 74 at pg. 2. Plaintiff further alleges that Virden "knew or had reason to know that the wiretap order was invalid on its face." *Id.* Plaintiff alleges that Verizon informed Virden and other officers that the order it received failed to authorize the interception of text messages. ROA Vol. 2 at pg. 10; ECF 74 at pg. 3. Defendants then supplemented the order. *Id.* Based upon this, Plaintiff alleges that Virden and other officers had knowledge that all of the text messages received from Sprint and Nextel were "illegal under federal and state wiretap laws." *Id.* Plaintiff asserts that Virden "intentionally used the illegal information in order to further their investigation" by disclosing the information to the United States Attorney

---

[3] In *Carpenter,* the Supreme Court held that an individual has a legitimate expectation of privacy, for Fourth Amendment purposes, In the record of his physical movements as captured through cell-site location information. 138 S.Ct. at 2208.

4

General's Office.  *Id.*  Plaintiff stated that his complaint "is only intended to allege that the defendants are liable for the illegal communications from the Federal Courts suppression order." *Id.*

On March 5, 2018, Defendant Virden filed his motion to dismiss the Amended Complaint. ROA Vol. 2 at pg. 125-134; ECF 101 and 102.  Defendants Spring, Opat, Virgin Mobile, and Brown also filed Motions to Dismiss the Amended Complaint.  ROA Vol. 2 at pg. 27-40; ECF 79 and 80; 41-53; 54-73; ECF 83, 84, 86 and 87.  The district court granted the motions to dismiss, as to all Defendants in the case, on November 16, 2018.  ROA Vol. 2 at pg. 155-17; ECF 109.  Specifically, the district court found that Plaintiff's wiretap claims against Defendants were barred by the good faith defense.  The district court also found that Defendants Opat, Virden and Brown were entitled to qualified immunity, because Plaintiff failed to show that these Defendants had violated clearly established law.

On November 16, 2018, the district court entered judgment against Plaintiff.  ROA Vol. 2 at pg. 170; ECF 110. Plaintiff filed a Motion to Alter or Amend Judgment Pursuant to Federal Rule 59(e). ROA Vol. 2 at pg. 171-184; ECF 111.  The district court denied this motion on March 20, 2019. ROA Vol. 2 at pg. 233-242; ECF 230. On September 21, 2015, Plaintiff filed a Notice of Appeal. ROA. Vol. 2 at 243; ECF 131.

## SUMMARY OF THE ARGUMENT

Plaintiff's argument that the district court erred when it found that the wiretap issue was valid fails. Plaintiff's assertion that the wiretap order was illegal is not dispositive as to whether he has stated a plausible claim against Defendant Virden pursuant to 18 U.S.C § 2510 *et seq*. and K.S.A. 22-2514 *et seq*. Both of these statutes provide a "complete defense" when a defendant has relied in good faith upon a court order. 18 U.S.C. § 2520(d)(1); K.S.A. 22-2518(2). The record establishes that Defendant Virden was acting in good faith upon a court order, providing Virden with a complete defense.

Plaintiff's argument that he had successfully proven that his constitutional rights were violated by Defendant Virden's conduct also fails. Plaintiff reasons that Defendant Virden should not have relied on a court issued wiretap because it did not particularly describe the interception of text messages. Plaintiff can point to no robust consensus of federal law in this Circuit indicating that the alleged conduct of an officer in similar circumstances would constitute a constitutional violation.

Plaintiff's argument that the district court should have granted his Motion to Reconsider lacks merit. The district court did not abuse its discretion when it denied Plaintiff's motion, because Plaintiff either revisited issues already addressed by the district court, or attempted to advance new arguments that could have been previously raised.

6

## ARGUMENTS AND AUTHORITIES

### I.   Applicable Standard of Review

The following standard of review is applicable on appeal.

**Motion to Dismiss Standard**

This Court reviews the district court's grant of a motion to dismiss for failure to state a claim under a *de novo* standard, applying the same legal standards used below. *Shimomura v. Carlson,* 811 F.3d 349, 358 (10th Cir. 2015). The Court must determine whether the complaint contains sufficient facts, accepted as true, to state a plausible claim for relief. *Carlson,* 811 F.3d at 358., citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the plaintiff pleads facts that allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. The facts are viewed in the light most favorable to the nonmoving party. *Id*., citing *Tonkovich v. Kan. Bd. of Regents,* 159 F.3d 504, 510 (10th Cir. 1998).

While courts will construe a pro se litigant's pleadings more liberally than those drafted by attorneys, pro se parties are still required to follow the same rules of civil procedure as all other litigants. *Calbart v. Denver Sheriff Dept.*, No. 12-1156, 2012 WL 6098746, at * 2 (10th Cir., Dec. 10, 2012). A pro se litigant in a civil case cannot be given either an advantage or disadvantage solely because of proceeding pro se. *Mangiaracina v. Gutierrez*, 11 Kan. App. 2d 594 (1986).

7

**<u>Denial of a Rule 59(e) Motion Standard</u>**

This Court reviews a district court's denial of a Rule 59(e) motion for abuse of discretion. *Estate of McDermed by and through McDermed v. Ford Motor Company*, 723 Fed.Appx. 605, 609 (10th Cir. 2018), citing *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010). The district court's ruling will not be disturbed unless this Court has a definite and firm conviction that the lower court made a clear judgment of error or exceeded the bounds of permissible choice in the circumstances. *McDermed*, 723 Fed.Appx. at 609, quoting *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009).

**II.    Issue 1: THE DISTRICT COURT DID NOT ERR IN FINDING THAT PLAINTIFF'S CLAIM AGAINST DEFENDANT GLEN VIRDEN WAS BARRED BY THE GOOD FAITH DEFENSE, BECAUSE THAT FINDING IS SUPPORTED BY THE RECORD AND 18 U.S.C. § 2520 AND K.S.A. 22-2518 PROVIDE A COMPLETE DEFENSE WHEN A DEFENDANT HAS RELIED IN GOOD FAITH UPON A COURT ORDER.**

In his opening Brief, Plaintiff first asserts that the district court committed clear error when it held that the state wiretap law was valid and that Defendant Virden was acting in good faith when executing the wiretap order. The district court did not err when it found that Plaintiff's allegations against Virden are insufficient to state a claim under the Fourth Amendment to the United States Constitution.

8

Plaintiff's assertion that the wiretap order was illegal misses the mark in determining whether he has stated a plausible claim against Virden pursuant to 18 U.S.C § 2510 *et seq*. and K.S.A. 22-2514 *et seq*. Counts I and II of Plaintiff's Amended Complaint assert that Virden, and other Defendants, violated the Kansas wiretap statute and the federal wiretap statute. Both of these statutes impose civil liability on those who unlawfully intercept electronic communications. 18 U.S.C. § 2520; K.S.A. 22-2518. Both of these statutes also provide a "complete defense" when a defendant has relied in good faith upon a court order. 18 U.S.C. § 2520(d)(1); K.S.A. 22-2518(2).

The district court noted that Judge Crabtree had found that Virden relied in good faith upon the state court orders, making him immune from suit under the good faith exceptions to Counts I and II of his Amended Complaint. (ROA Vol. 2 at pg. 161; ECF 109 at pg. 7). The Court also noted that Judge Crabtree had ruled that the officers' conduct in intercepting the text messages fell within the good faith exception to the Fourth Amendment under the exclusionary rule, and that their conduct was objectively reasonable. *Id*. The district court found Judge Crabtree's reasoning in the criminal case equally applicable to the claims raised in the civil case. ROA Vol. 2 at pg. 162; ECF 109 at pg. 8. The Court further found that Plaintiff had failed to assert any facts from which the Court could reasonably infer that Virden, or the other officers,

9

had acted in bad faith. *Id*. As such, the Court agreed that Plaintiff had failed to state a claim upon which relief could be granted in Counts I and II. *Id*.

The district court's reasoning is sound. In his Amended Complaint, Plaintiff alleges only that Virden personally signed the Order of Authorization. [ROA Vol. 2 at pg. 9; ECF 74, ¶ 11], that Virden used the information from the wiretap in his investigation [ROA Vol. 2 at pg. 10; ECF 74, ¶ 16], and that Virden allowed evidence from the wiretaps to be disclosed to the United States Attorney's Office [ROA Vol. 2 at pg. 10; ECF 74, ¶ 15]. These conclusory allegations are insufficient to state a plausible claim. There is no reasonable inference from these allegations that Virden acted in bad faith, or that he did not act reasonably when relying on the court's order.

Plaintiff's argument on appeal that the wiretap order Virden relied on is illegal is irrelevant to his civil claim against Virden. Even assuming that wiretap order should not have been issued, the question is whether Virden acted reasonably and in good faith in relying upon the court order. Nothing in Plaintiff's Amended Complaint articulates sufficient allegations or facts that state or infer that Virden did not act in good faith in reliance upon the order. Therefore, the District Court correctly found that Plaintiff's Amended Complaint failed to state a claim against Virden for violation of state and federal wiretap laws.

### III.  ISSUE 2: THE DISTRICT COURT DID NOT ERR IN GRANTING DEFENDANT VIRDEN'S MOTION TO DISMISS ON THE BASIS OF QUALIFIED IMMUNITY IN THAT THE RECORD ESTABLISHES THAT PLANITIFF DID NOT MEET HIS BURDEN OF SHOWING THAT DEFENDANT VIRDEN HAD VIOLATED CLEARLY ESTABLISHED LAW

Plaintiff asserts that the District Court erred when it found that Defendants Brown, Opat, and Virden were shielded from liability under the doctrine of qualified immunity. Aplt. Opening Brief at 10-12. Plaintiff argues that the Amended Complaint articulates sufficient facts to show that Virden violated clearly established law. *Id.* at 10. These facts include the allegations that Virden and other Defendants executed a wiretap that that not authorize the interception or disclosure of text messages. *Id.* Plaintiff argues that this, in turn, establishes a Fourth Amendment violation, and that Defendant Virden is not protected by qualified immunity. *Id.*

Suits against government actors allow those wronged by governmental misconduct a method of redress. *Anderson v. Creighton,* 483 U.S. 635, 638 (1987) (*citing Harlow v. Fitzgerald*, 457 U.S. 800, 814 (1982)). Although such suits permit the possible vindication of a plaintiff's federal rights, non-meritorious suits exact a high cost upon both society and government officials. *See Id.* These suits may unduly interfere with the discharge of government officials' duties because of the constant threat of civil litigation and potential money damages. *See Harlow*, 457 U.S. 814. "[T]o submit all officials, the

11

innocent as well as the guilty, to the burden of a trial and to the inevitable danger of its outcome, would dampen the ardor of all but the most resolute, or the most irresponsible, in the unflinching discharge of their duties." *Horstkoetter v. Dep't of Pub. Safety*, 159 F. 3d 1265, 1277 (10th Cir. 1998). Thus, the Court has recognized that qualified immunity should be liberally applied given the important interest to a society as a whole. *White v. Pauly,* 137 S.Ct. 548, 552 (2017) (finding that it was "again necessary to reiterate the longstanding principle") (citing *Ashcroft v. al–Kidd*, 563 U.S. 731, 742, (2011)).

Qualified immunity shields an individual government official so long as the official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable officer would have known. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Whether an official is protected by qualified immunity turns upon the objective legal reasonableness of the official's actions considered in light of the legal rules that were clearly established at the time at the time the official acted. *See Messerschmidt v. Millender*, 132 S. Ct. 1235, 1245 (2012). There is a presumption in favor of qualified immunity for a public official acting in his or her individual capacity. *See Hidahl v. Gilpin Cnty Dep't of Soc. Servs.*, 938 F.2d 1150, 1155 (10th Cir. 1991). It therefore protects "all put the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs,* 475 U.S. 335, 341 (1986); *See also Ashcroft v. Al-Kidd*, 563 U.S. 731, 743 (2011).

Courts use a well-settled two-step analytical framework for analyzing claims of qualified immunity. In particular, the court must determine whether a plaintiff has demonstrated both (i) that the defendant's actions violated the plaintiff's federal constitutional or statutory rights and, if so, (ii) that the right was clearly established at the time the conduct occurred. *See Siegert v. Gilley,* 500 U.S. 226, 230- 31 (1991). The Court may address either step first. *See Weise v. Casper*, 593 F.3d 1163, 1167 (10th Cir. 2010).

Discerning whether the relevant legal rule was clearly established is a narrowly tailored, context-specific exercise. Accordingly, the precise contours of the right must have been sufficiently clear that reasonable officials in that circumstance would have understood that what he or she was doing violated that right, leaving no debate as to the lawfulness of the conduct. *See Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012); *Ashcroft*, 563 U.S. 740. When it is debatable whether a violation has occurred, the law by definition cannot be clearly established, and qualified immunity applies. *See Reichle¸* 132 S. Ct. 2096 (quoting *Wilson v. Layne*, 526 U.S. 603, 618 (1999)). "We have repeatedly told courts ... not to define clearly established law at a high level of generality." *White v. Pauly*, 137 S.Ct. 548, 552 (2017) (finding that it was "again necessary to reiterate the longstanding principle") (citing *Ashcroft v. al– Kidd*, 563 U.S. 731, 742 (2011)). The dispositive question is "whether the violative nature of particular conduct is clearly established." *Id*. (emphasis added); *see also*

13

*Saucier v. Katz,* 533 U.S. 194, 201 (2001). "Such specificity is especially important in the Fourth Amendment context, where the Court has recognized that '[i]t is sometimes difficult for an officer to determine how the relevant legal doctrine . . . will apply to the factual situation the officer confronts.'" *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015), *quoting Saucier*, 533 U.S. at 205 (emphasis added). Qualified immunity applies in at least three different circumstances. "The protection of qualified immunity applies regardless of whether the official's error in mistake of law, mistake of fact, or mistake based on mixed questions of law and fact." *Pearson, supra,* 555 U.S. 231 (internal quotation and citation omitted). Thus, as the Supreme Court observed in *Ashcroft*, qualified immunity gives 'breathing room to make reasonable but mistaken judgments.'" 563 U.S. 743; *Also see Messerschmidt*, 132 S. Ct. 1244. As one example, law enforcement officers "can have reasonable, but mistaken beliefs as to the facts establishing the existence of probable cause or exigent circumstances, and in those situations, courts will not hold that they have violated the constitution. Yet, even if a court were to hold that the officer violated the Fourth Amendment by conducting an unreasonable search, *Anderson* still operates to grant officers immunity for reasonable mistakes as to the legality of their actions." *Saucier, supra,* 533 U.S. at 206.

Here, there was no violation of the Constitution or other federal law, because Defendant Virden relied in good faith on a court order authorizing his

14

actions. 18 U.S.C. § 2520(d); *see Wright v. Florida*, 495 F.2d 1086, 1090 (5th Cir. 1974). Even if there was a violation, there is no robust consensus of federal law in this Circuit indicating that the alleged conduct of an officer in similar circumstances would constitute a constitutional violation. *See Pauly,* supra, 137 S.Ct. at 552; *See* also *Carroll v. Carmen,* 135 S.Ct. 348, 350 (2014) (implying that not even controlling Circuit precedent may be enough to constitute clearly established Federal law). On the contrary, as articulated by Judge Crabtree, "one would not expect the officers executing search warrants to have apprehended the subtle, technical jurisdictional defect that forms the basis of the Court's threshold suppression ruling." *U.S. v. Banks*, 2015 WL 2401048 at *3 (D. Kan. May 15, 2015).

Plaintiff does not and cannot identify any law sufficient to alert Defendant Virden that his conduct would be considered unreasonable "beyond debate." *Mullenix v. Luna*, 136 S. Ct. 305, 309 (2015) (quoting *al–Kidd,* 563 U.S. at 741). Plaintiff fails to identify any legal authority, even assuming a constitutional violation, making clear that the legal rule was clearly established in a narrowly tailored, context-specific manner. Because of this, Plaintiff has failed to demonstrate that the District Court erred in its dismissal of Defendant Virden on the basis of qualified immunity.

15

IV.    **ISSUE 3: THE DISTRICT COURT DID NOT ERR IN DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION IN THAT PLAINTIFF DID NOT MEET HIS BURDEN OF SHOWING THAT THE DISTRICT COURT MISAPPREHENDED THE FACTS, A PARTY'S POSITION, OR THE CONTROLLING LAW, OR THAT A CLEAR ERROR OR MANIFEST INJUSTICE HAD OCCURRED.**

In his third issue presented in this appeal, Plaintiff argues that the district court erred when it ruled on his Motion for Reconsideration because the district court failed to consider Plaintiff's well pleaded facts prior to making its conclusions of law. Aplt. Opening Brief at 16. Plaintiff asserts that the district court misapplied "eight facts" to its conclusions of law. *Id.* at pg. 17. Each of these "eight facts" involve whether the District Court could have found that Defendant Virden acted in good faith when executing what Plaintiff asserts was an invalid wiretap order. *Id.* at 17-19.

Federal Rule of Civil Procedure 59(e) authorizes a motion to alter or amend a judgment, which may be granted when the court has misapprehended the facts, a party's position, or the law. *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). Grounds warranting a motion to reconsider include: 1) an intervening change in the controlling law; 2) new evidence that was previously unavailable; and 3) the need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *Does,* 204 F.3d at 1012.

None of the grounds above apply in this case. In Plaintiff's Motion to Reconsider, and again here, he simply attempts to revisit issues already addressed by the District Court, or to advance new arguments that could have been previously raised. In his Motion to Reconsider, regarding the dismissal of claims against Defendant Virden, Plaintiff argued 1) the Court erred in relying on the statutory good faith defense to dismiss Plaintiff's wiretap claims; (2) Judge Crabtree's findings with respect to good faith in the underlying criminal case have no applicability to the disposition of Plaintiff's claims in his civil case; (3) Tenth Circuit precedent dictates that the good faith exception does not apply to improper execution of a warrant; (4) the Court erred in finding Plaintiff failed to state a Fourth Amendment claim; (5) Virden is not entitled to qualified immunity because he violated a clearly established right; and (6) Plaintiff pleaded sufficient facts to establish a conspiracy. ROA Vol. 2 at pg. 235-242; ECF 130 at pg. 3-10.

## A. Statutory Good Faith Exception

The district court addressed each of Plaintiff's arguments. Regarding Plaintiff's argument that the court erred in relying on the statutory good faith defense, the district court correctly noted that Plaintiff was either rehashing already advanced arguments, or that he was raising new legal theories that could have been previously raised, neither of which is appropriate in a Rule 59(e) motion. ROA Vol 2 at pg. 237; ECF 130 at pg. 5. Plaintiff presented no

new case law or compelling argument that it was improper for the district court to rely on Judge Crabtree's findings. To the contrary, the case law allows a district court to take judicial notice of its own files and records, along with facts which are part of a public record. *Van Woudenberg ex. rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000).

Plaintiff also advanced a new legal theory regarding Verdin's good faith defense in his Motion to Reconsider, arguing that Tenth Circuit precedent, specifically *United States v. Medlin*, 798 F.2d 407 (10th Cir. 1986), precludes the use of the good faith exception to the improper execution of a warrant. Plaintiff again argues that here. Aplt. Opening brief at pg. 7-10. The district court did not address the merits of this argument because Plaintiff failed to raise this argument in his briefing on Defendant Virden's motion to dismiss. ROA Vol. 2 at pg. 125-134; ECF 101 and 102. This was not an abuse of discretion, since Rule 59(e) does not allow for a party to advance arguments that could have been raised in prior briefing. *Does, supra,* 204 F.3d at 1012.

Even if Plaintiff had previously advanced this argument, it has no merit. In *Medlin*, a United States magistrate issued a search warrant to search Medlin's home, based upon an affidavit submitted by law enforcement. *Medlin*, 798 F.2d at 408. The warrant authorized the seizure of firearms illegally possessed by Medlin, and/or stolen firearms, records of the purchase or sale of

18

such firearms by Medlin, which were fruits, evidence and instrumentalities of violation of certain federal laws. *Id*.

When the search warrant was executed, officers seized several guns, but also seized several other items, including jewelry and home goods. *Id*. The district court denied Medlin's motion to suppress the guns, finding the warrant facially sufficient and that there was probable cause to issue it. *Id*. The Tenth Circuit affirmed this decision, and remanded the case to for an evidentiary hearing regrading whether the seizure of items not named required suppression of all the items seized.

The Tenth Circuit relied on Supreme Court precedent, which held that the exclusionary rule would not apply when an officer acts in objectively reasonable reliance on a subsequently invalidated search warrant. *Id*. at 409, citing *U.S. v. Leon*, 468 U.S. 897, 922-25 (1984). The Supreme Court in *Leon* emphasized that the exclusionary rule would not deter police conduct if the police were seizing evidence in good-faith reliance on a search warrant. *Id*. In *Medlin*, law enforcement's reliance on the warrant was objectively reasonable. *Id*.

The Tenth Circuit also noted that *Leon* does not apply to the improper execution of a search warrant, such that *Leon* cannot be invoked in the prosecution's favor as a defense if that occurs. In *Medlin*, law enforcement seized five hundred items that were not firearms, or related to the sale of

firearms. *Id*. Because of the large amount of items seized outside of the warrant, the Court of Appeals remanded the case for an evidentiary hearing to determine whether the police used the warrant as a pre-text for a general search, and if so, whether the improper conduct was so flagrant that the exclusion of all seized evidence was warranted. *Id*.

Nothing in *Medlin* applies in this case. *Medlin* deals with the application of the exclusionary rule in criminal prosecutions. Nothing in *Medlin* holds or suggest that an officer cannot invoke a good faith defense in the facts present in this case. Further, unlike the facts in *Medlin*, both the judge issuing the wiretap and the law enforcement relying on it believed it to include the interception of text messages.  There was no flagrantly improper conduct on the part of Virden, or any of the other officers.

## B. Dismissal of the Constitutional Claim

Plaintiff argued that the district court erred when it found Defendant Virden was entitled to qualified immunity, because Plaintiff had established that a Fourth Amendment violation had occurred. However, as outlined by the district court, Plaintiff failed to identify any authority that the Fourth Amendment is violated by the specific facts of his case. ROA Vol. 2 at 239-240; ECF 130 at pg. 7-8. Nor did Plaintiff argue any such authority in his Motion for Reconsideration. ROA Vol. 2 at pg. 178; ECF 111 at pg. 8. As such, the

district court did not abuse its discretion when it denied Plaintiff's Motion to Reconsider.

### C. Dismissal of the Conspiracy Claim

The District Court found that Plaintiff had not plead sufficient facts to establish a conspiracy. Plaintiff again failed to advance any new argument regarding conspiracy in his Motion for Reconsideration. The district court did not err when it ruled that Plaintiff's Amended Complaint contained only conclusory allegations without supporting facts, necessitating dismissal of the conspiracy count.

## <u>CONCLUSION</u>

Plaintiff has failed to show the district court committed error in its evaluation and ruling on Defendants Virden's Motion to Dismiss and its evaluation and ruling on Plaintiff's Motion for Reconsideration. Defendant Virden respectfully requests that this Court uphold the District Court's rulings, and that Plaintiff's appeal be denied.

## STATEMENT OF COUNSEL AS TO ORAL ARGUMENT

Oral argument is not requested.

Respectfully submitted,

/s/ Carrie A. Barney
Carrie A. Barney, KS #22872
Assist Attorney General/Trial Counsel
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas, 66612-1597
Phone: (785) 368-6695
Fax:  (785) 291-3767
Email: carrie.barney@ag.ks.gov
*Attorney for Appellee Glen Virden*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B)(i) because it contains 7,069 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and 10th Cir. R. 32(b), as calculated by the word-counting function of Microsoft Word 2013.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally-spaced typeface—13-point Century Schoolbook—using Microsoft Word 2013.

## CERTIFICATE OF PRIVACY REDACTIONS

As required by Fed. R. App. P. 25(a)(5) and 10th Cir. R. 25.5, the undersigned attorney certifies that all required privacy redactions have been made.

## CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that a copy of the foregoing BRIEF OF DEFENDANTS-APPELLEES, as submitted in digital form is an exact copy of the written document filed with the Clerk.

## CERTIFICATE OF SCANNING

I hereby certify that the digital form of the foregoing BRIEF OF DEFENDANTS-APPELLEES has been scanned for viruses using the Sophos Endpoint Security and Control (version 10.8), last updated July 18, 2019, and according to the program is free of viruses.


DATED: July 19, 2019          /s/Carrie A. Barney_____

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 19, 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Toby Crouse | Eric Turner
tcrouse@crousellc.com | eturner@foulston.com
Attorneys for Steven Opat
Michael K. Seck | Jeannette L. Wolpink
mseck@fisherpatterson.com | jwolpink@fisherpatterson.com
Attorneys for Timothy Brown
Jay E. Heidrick – jheidrick@polsinelli.com
Attorneys for Sprint/Nextel Wireless Telephone Company and
Virgin Mobile USA/Springs PCS
David Cooper
dcooper@fisherpatterson.com
Attorney for Defendant/Appellee Brad Shoen


I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

Albert Dewayne Banks
23203-031
L.D.C.
100 Highway Terrace
Leavenworth, KS 66048


I further certify that seven (7) true and correct copies were caused to be Delivered VIA FedEx to:

U.S. Court of Appeals, Tenth Circuit
Office of the Clerk
Byron White United States Courthouse
1823 Stout Street Denver, Colorado 80257


/s/ Carrie A. Barney

24